UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>              Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>              Defendants. | No. 2:21-cv-0548-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has both paid the filing fee *and* sought leave to proceed in forma pauperis (ECF No. 2). As discussed below, the court recommends that plaintiff's in forma pauperis application be denied. Further, upon screening, the complaint must be dismissed with leave to amend.

Application to Proceed in Forma Pauperis

Plaintiff has paid the filing fee but also seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Fields v. Mims*, No. 1:12-cv-1973-SKO (E.D. Cal.), ECF No. 14 (April 2, 2014 order dismissing action for failure to state a cognizable claim for relief); (2) *Fields v. Paramo*, No. 2:16-cv-1085-JAM-AC (E.D. Cal.), ECF No. 47 (November 21, 2019 order dismissing action for failure to state a claim upon which relief could be granted); and (3) *Fields v. Kernan*, No. 2:18-cv-3130-JAM-DB (E.D. Cal.), ECF No. 16 (November 4, 2020 order dismissing action for failure to state a claim upon which relief could be granted).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In this case, plaintiff alleges that prison officials failed to protect him from contracting COVID-19. *See* ECF No. 1. The complaint does not show, that at the time of its filing, plaintiff faced an imminent danger of serious physical injury. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

/////

While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) alleges the following: Plaintiff contracted COVID-19 after inmates from San Quentin and other prisons were transferred to High Desert State Prison without being tested for the virus. Plaintiff notified prison officials that he was in a "high risk" population and susceptible to infection and extreme suffering if he contracted the virus. Indeed, plaintiff contracted the virus and suffered from pneumonia, resulting in lung damage and other alleged medical/psychological injuries. He asserts an Eighth Amendment claim against the following defendants: Secretary of the California Department of Corrections and Rehabilitation (CDCR); Warden of High Desert State Prison (HDSP); and Chief Medical Officer of HDSP.

Plaintiff's Eighth Amendment claim cannot survive screening because it lacks sufficient detail to establish the deliberate indifference of any defendant. Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847

(1994).  In any amended complaint, plaintiff must identify the specific acts or omissions of each defendant.  He should also allege, to the extent possible: (1) who was responsible for the transfer of the inmates; (2) who was responsible for choosing not to test the inmates prior to transferring them; (3) who was aware that plaintiff was in an "at risk" population; (4) what precautions, if any, were taken by prison officials to prevent plaintiff's exposure to the virus; and (5) how those precautions, if any, were inadequate and led to his infection. Absent such factual context, it is impossible to determine whether any defendant acted with deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment.

## Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

4

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order;
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein; and
3. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5