UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF CDCR, et al.,<br><br>Defendants. | No. 2:21-cv-0548-KJM-EFB P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  After the court's dismissal of plaintiff's original complaint, plaintiff has filed an amended complaint (ECF No. 9), which is screened below.

Screening Standards

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

In the amended complaint (ECF No. 9), plaintiff alleges that he contracted COVID-19 after infected inmates from San Quentin State Prison were transferred to High Desert State Prison, where plaintiff was housed. The named defendants include the Warden of High Desert State Prison, the Chief Medical Officer of High Desert State Prison, and the CDCR Secretary. Plaintiff alleges that the Secretary "approves rules and transfer procedures" and that the Warden "approves the movement in and out of High Desert." *Id.* at 7. He does not specify what role either of these defendants played, if any, in the transfer at issue of inmates from San Quentin to High Desert. Instead, plaintiff vaguely asserts that "CDCR" and/or "Respondents" knew that there was a high infection rate among inmates at San Quentin and still transferred them to High

Desert without any testing protocols in place. *Id.* at 14.  Plaintiff claims that prior to the transfer, there were no infected inmates at High Desert State Prison. *Id.* at 10.  He claims that the virus spread at High Desert because "social distancing" was never allowed and that when inmates did test positive, they were moved around the prison and cells were not cleaned. *Id.* at 7, 16. Plaintiff requests monetary damages and an injunction providing him with single cell status. *Id.* at 5.

Plaintiff's amended complaint does little to cure the deficiencies identified by the court's initial screening order.  Once again, plaintiff's Eighth Amendment claim cannot survive screening because it lacks sufficient detail to establish the deliberate indifference of any defendant. Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Indeed, several courts have held that generalized allegations that supervisory prison officials did not do enough to control the spread of COVID-19 are insufficient to state an Eighth Amendment claim.  *See Booth v. Newsom*, No. 2:20-cv-1562-AC P, 2020 U.S. Dist. LEXIS 215148, (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-cv-1755-DB P, 2021 U.S. Dist. LEXIS 45226 (E.D. Cal. Mar. 10, 2021).

In any amended complaint, plaintiff must identify the specific acts or omissions of each defendant and how those specific acts or omissions caused plaintiff injury.  Absent such factual context, it is impossible to determine whether any defendant acted with deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe,

1 in sufficient detail, how each defendant personally violated or participated in the violation of his
2 rights.  The court will not infer the existence of allegations that have not been explicitly set forth
3 in the amended complaint.

4     The amended complaint must contain a caption including the names of all defendants.
5 Fed. R. Civ. P. 10(a).

6     Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
7 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

8     Any amended complaint must be written or typed so that it so that it is complete in itself
9 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
10 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
11 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
12 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
13 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
14 1967)).

15     Finally, the court notes that any amended complaint should be as concise as possible in
16 fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of
17 procedural or factual background which has no bearing on his legal claims.

## Conclusion

19     Accordingly, it is ORDERED that:
20     1.    Plaintiff's amended complaint (ECF No. 9) is DISMISSED with leave to amend
21         within 30 days from the date of service of this order; and
22     2.    Failure to comply with this order may result in dismissal of this action for the reasons
23         stated herein.

24 DATED: June 14, 2021.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE